No. 00-330

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 43N

IN RE THE DRIVER'S LICENSE SUSPENSION OF
LORRIE BRACHA,

Petitioner and Respondent,

v.

STATE OF MONTANA,

Respondent and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and for the County of Judith Basin,
The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Mike McGrath, Attorney General; Mark Mattioli,
Assistant Attorney General, Helena, Montana

James A. Hubble, Judith Basin County Attorney; Charles
Frederick Unmack, Special Deputy County Attorney,
Stanford, Montana

For Respondent:

(No Respondent's Brief filed)

Submitted on Briefs: April 26, 2001

Decided:
March 12, 2002

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Lorrie Bracha's driving privileges were suspended when she refused to take a roadside breath test. She requested a hearing on the license suspension pursuant to § 61-8-403, MCA, after which the Tenth Judicial District Court, Judith Basin County, reinstated her driving privileges. The State of Montana appeals. We reverse and remand.

¶3    This Court's review of a decision on a petition for reinstatement of a driver's license is twofold. We review findings of fact to determine whether they are clearly erroneous and conclusions of law to determine whether they are correct. See Anderson v. State, Dep't of Justice, Motor Vehicle Div. (1996), 275 Mont. 259, 262, 912 P.2d 212, 214.

¶4    As the District Court noted, the facts of this case are essentially undisputed: while traveling on a two-lane highway at night, Bracha failed to switch her headlights to low beam for an oncoming vehicle-- the arresting officer's car. Bracha's objections to the seizure of her driver's license were based upon the purported illegality of the stop, a conclusion of law.

¶5    The District Court stated the issue as whether "a minor traffic violation such as a failure to dim lights provide[s] a basis for an investigatory stop." The court relied on State v. Broken Rope (1996), 278 Mont. 427, 431-32, 925 P.2d 1157, 1159-60 (citing State v. Reynolds (1995), 272 Mont. 46, 899 P.2d 540), for the idea that, in the absence of any other objective evidence of criminal activity, a possible traffic violation does not support particularized suspicion. The court further concluded that in State v. Lafferty, 1998 MT 247, 291 Mont. 157, 967 P.2d 363, this Court instructed that a minor traffic violation does not provide the basis for an investigatory stop. The District Court erred in relying on these cases in the present case.

¶6    In Reynolds, the officer observed the defendant "bordering on traveling too fast." That is, the officer observed a "possible" traffic violation, but no violations of law, erratic driving, or other driving anomalies. We concluded a "possible" traffic violation, supported by no other objective data, was insufficient to support the particularized suspicion necessary for an investigative stop. Reynolds, 272 Mont. at 51, 899 P.2d at 543.

¶7    In Lafferty, the officer stopped the vehicle based on his observation that it crossed the fog line on the right side of a highway twice and drove on the fog line once. The district court concluded that the crossing of the fog line violated § 61-8-328, MCA (1995), which provided that "a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." We reasoned that the statute related to moving from a marked traffic lane to another marked traffic lane--not merely across the fog line toward the shoulder of the road. Therefore, we concluded the driving was not illegal. Lafferty, 291 Mont. at 162, 967 P.2d at 366. We did not conclude, as the District Court determined here, that a minor traffic violation does not constitute grounds for an investigatory stop.

¶8    Unlike the situations in Reynolds and Lafferty, Bracha's failure to dim her headlights for an oncoming vehicle is clearly a misdemeanor offense under §§ 61-9-104, -221(1), and -511, MCA. The officer's testimony was unambiguous that he observed a violation and that, in fact, Bracha admitted to him that she had her headlights on high beam when she approached and passed him.

¶9    A peace officer may make an investigatory stop of a vehicle "observed in circumstances that create a particularized suspicion that the . . . occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401, MCA. The term "offense" includes both misdemeanors and felonies. Section 45-2-101(48), MCA.

¶10    We hold that Bracha's failure to dim her high beams for oncoming traffic was an adequate basis for an investigatory stop. Therefore, we reverse the decision of the District Court reinstating Bracha's driving privileges and remand this case for further proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE